**NORTH CAROLINA UTILITIES COMMISSION, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Northeast Energy Associates, et al., Intervenors.**

**No. 05–1339.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 2, 2007.

Barbara M. Simons, Simons & Simons, Washington, DC, for Petitioner.

Robert Harris Solomon, John Stewart Moot, Beth Guralnick Pacella, Attorney, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Sarah E. Tomalty, Florida Power & Light Company, Washington, DC, for Intervenors.

Before: GINSBURG, Chief Judge, and GRIFFITH, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

This petition was considered on the record from the Federal Energy Regulatory Commission ("FERC") and on the briefs of the parties. The Court has determined that the issues presented occasion no need for oral argument. *See* D.C. CIR. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition is denied. Petitioner North Carolina Utilities Commission ("NCUC") asks us to set aside FERC's order in *Transcontinental Gas Pipe Line Corporation,* 106 F.E.R.C. ¶ 61,299 (2004) affirming the decision of an Administrative Law Judge and remand with instructions to provide a revenue credit for the customers of Transcontinental Gas Pipe Line Corporation ("Transco"). NCUC argues that Transco is required under Section 4 of the Natural Gas Act, 15 U.S.C. § 717c, to credit its existing customers with a value for service provided to the pipeline's then-affiliate, Williams Communications Company ("WCC"), for the cost-free access that NCUC supposes Transco granted WCC to Transco's existing jurisdictional asset (a right-of-way comprised of pipeline easements negotiated and purchased from third party landowners). NCUC's argument is based, however, on a misapprehen-

sion of the facts in this case. NCUC claims, without persuasive evidence, that Transco granted WCC access to Transco's right-of-way. Substantial record evidence contradicts this claim and is therefore fatal to NCUC's petition.

Our review of this case is governed by Section 706 of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), which provides that a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." We have previously held that we "must examine the Commission's reasoning to determine whether it considered the relevant factors and drew a rational connection between the facts found and the choice made," *N. Carolina Utilities Comm'n v. FERC*, 42 F.3d 659, 663 (D.C.Cir.1994). In this case, the fact found (i.e., that Transco had agreed merely *not to object to* WCC's efforts to obtain its own right-of-way for a new fiber optic cable), in addition to the fact that Transco received a benefit in exchange for the agreement (i.e., the use of two "dark" fibers in the cable), is rationally connected to the choice FERC made (i.e., to deny NCUC's challenge to FERC's rate orders).

Insofar as the agreement between Transco and WCC constitutes an expenditure to which Petitioners object, Petitioners carry the burden of creating a "serious doubt as to the prudence of an expenditure," *Anaheim v. FERC*, 669 F.2d 799, 809 (D.C.Cir.1981) (internal quotation omitted), which will otherwise be presumed prudent. *Iroquois Gas Transmission Sys., L.P. v. FERC*, 145 F.3d 398, 399–400 (D.C.Cir.1998). "The pipeline bears the burden of showing its proposed rate is just and reasonable." *ChevronTexaco Exploration & Prod. Co. v. FERC*, 387 F.3d 892, 895 (D.C.Cir.2004). Transco has

carried its burden by demonstrating that it received a net benefit from its agreement with WCC. A party claiming a pipeline imprudently entered into a contract must "present evidence sufficient to raise serious doubt that a reasonable utility manager, under the same circumstances and acting in good faith, would not have made the same decision and incurred the same cost." *Ind. Mun. Power Agency v. FERC*, 56 F.3d 247, 253 (D.C.Cir.1995).

NCUC's arguments "are premised on the assumption that Transco is renting or leasing a jurisdictional asset, *i.e.*, the pipeline's right of way, and since ratepayers are paying for such asset in their rates they are entitled [sic] an offsetting credit for the money received by Transco." *Transcontinental Gas Pipe Line Corp.*, 106 F.E.R.C. ¶ 61,299 (2004). The Commission affirmed the ALJ's decision because record evidence supports the ALJ's finding that Transco is not renting or leasing its pipeline right-of-way, and that the agreement between Transco and WCC merely granted WCC Transco's assurance *not to object to* WCC's attempts to obtain its own right-of-way from third-party landowners. Petitioners have failed to carry their burden, and persist in their reliance on a false premise to contradict the reasonable finding by the Commission that Transco's agreement with WCC was prudent. We therefore affirm the Commission's ruling in this matter.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.